F I L E D
United States Court of Appeals
Tenth Circuit

JUN 4 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JUANA LUCIA SAGARMINAGA,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 96-9534
(No. A73-996-342)
(Petition for Review)

ORDER AND JUDGMENT*

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.**

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Petitioner Juana Lucia Sagarminaga is a native and citizen of Guatemala who concedes her deportability for entering the United States without inspection, but seeks asylum and withholding of deportation. Petitioner contends that if she returns to Guatemala, she will be persecuted by guerrillas because she refused their request that she join them and use her oratorical skills to support their cause. The immigration judge found that her testimony was not entirely credible and that there was insufficient evidence of past persecution or a well-founded fear of future persecution because of her political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A). The immigration judge therefore found her ineligible for asylum and withholding of deportation. The Board of Immigration Appeals adopted and affirmed the immigration judge's decision. The Board also held that even if petitioner's testimony were fully credible, she had not shown persecution due to political opinion because the guerrillas' pressure for her to join them related to her skills, not to any actual or imputed political opinion.

Petitioner claims that her decision to remain neutral and not join the guerrillas was an expression of political opinion.[1] We must uphold the Board's

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in immigration cases. However, because petitioner's deportation proceedings commenced before April 1, 1997, and the final decision of the INS issued before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case. See id.

(continued...)

determination that petitioner is not eligible for asylum and withholding of deportation if it is supported by substantial evidence.  See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992).  We have considered petitioner's arguments and reviewed the record, and we conclude that the Board's determination that the guerrillas would not persecute her because of any political opinion is supported by substantial evidence.  We therefore affirm the Board's decision for substantially the reasons stated in its June 19, 1996 order.

Petition DENIED.

Entered for the Court

James K. Logan
Circuit Judge

---

[1](...continued)
§§ 306(c)(1), 309(a), (c)(1) & (4), as amended by Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252.  We therefore apply pre-IIRIRA standards.